**E-FILED**
Friday, 19 January, 2007 04:28:50 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

DEERE & Co, et al.,

Plaintiffs,

v.

OHIO GEAR, et al

Defendants.

No. 02-4011

OHIO GEAR, et al.,

Third Party Plaintiffs,

v.

CARSON'S NUT-BOLT AND TOOL Co.,

Third Party Defendant.

**ORDER AND OPINION**

Before the Court is Plaintiffs' Motion for a Rule 16 Conference and for Entry of a Scheduling Order. [Doc. 232.] Defendants have also filed a Response to the Motion. [Doc. 233.] These documents were filed in response to a Text Order from this Court for the parties to file an agreed Proposed Scheduling Order. In reviewing these submissions it is apparent that there is still an issue between the parties regarding the efficacy of the claim for "lost profits," the resolution of which would surely facilitate agreement upon a schedule for

proceeding. This Court will, for the forth time, address the issue of lost profits. Given the protracted state of the record, the Court deems it necessary to first briefly cover the procedural history and basic facts of this case.

## I.
## BACKGROUND

At its core, this case involves a contract dispute between John Deere & Co. ("John Deere"), a manufacturer of tractors and other equipment, and Ohio Gear, a provider of tractor parts. John Deere is seeking damages for allegedly faulty parts which Ohio Gear supplied. One of the issues which surfaced long after the case commenced and after all discovery was closed was the issue of lost profits sustained by John Deere as a consequence of the allegedly faulty parts.

The issue first surfaced on July 7, 2004 when Plaintiffs filed a "Motion for Leave to disclose supplemental and additional documentation of damages." [Doc. 115.] That motion was filed two months after the close of factual discovery and almost one month after the close of expert discovery on June 16, 2004. On July 16, 2004 this Court held a hearing and entered an Order on July 19, 2004 [Doc. 132] denying introduction of any evidence relating to lost profits as a sanction for Plaintiffs violating Fed. R. Civ. P. 26(a). As discussed in the July 19th Order, John Deere had failed to disclose this category of

damages, their computation and supporting documentation, and related damages experts as part of the initial disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure. Deere's belated motion to provide this information did not come until 51 days after the close of all discovery.[1] At the time, this Court noted that adding the issue of lost profits to the case after the close of discovery would change this case from one involving $3.2 million in damages to one involving $18 million in damages. [Doc. 132 at 4.] Even Plaintiffs' counsel conceded at the hearing that the amount and nature of the damages which they were seeking would alter the dynamics of the case. The Court noted that this would require reopening discovery. Undoubtedly, numerous depositions would need to be retaken and this case would be returned to what was already a protracted discovery process consuming over two years. As a result, Plaintiffs' Motion for Leave was denied and Plaintiffs were barred from proceeding on the issue of lost profits as a sanction under Rule 37(c). In addition, this Court also addressed the testimony of one of Plaintiffs' experts, Tamika Tremaglio ("Tremaglio"). Because Tremaglio's testimony focused on the issue of lost profits, this Court barred her testimony. However, upon review, on October 6, 2004, this Court modified

[1] It should be noted that there were over 3,600 pages worth of financial documents.

its previous order and allowed Tremaglio to testify to additional matters in the case, but not to the issue of lost profits. [Doc. 174.]

Prior to this Court’s modified Order, Defendants filed a Motion for Summary Judgment on August 9, 2004. Plaintiffs did not respond to this Motion and instead filed a series of other Motions. Among these additional motions was a “Motion for Relief from the Court Order[s]” [Doc. 178] in which Plaintiffs sought relief from the Court’s previous order precluding the issue of lost profits. Plaintiffs primarily argued that the Defendants had not complied with their discovery obligations, and as a result, this Court needed to relieve Plaintiffs from the discovery sanction.

This Court waited for five months for Plaintiffs to respond to the Motion for Summary Judgment while additional discovery related motions continued to pile up. Since, on inquiry from the Court, Plaintiffs refused to file a response to the Motion for Summary Judgment including a Rule 56(f) affidavit, this Court went ahead and ruled on the Motion on February 3, 2005. In doing so, this Court deemed all facts submitted in support of Defendants’ Motion admitted based upon Local Rule 7.1(D)(2). Based upon these admitted facts, Defendants’ were granted summary judgment, and all the other pending motions which had piled up were moot.

Plaintiffs then appealed this Court Order to the Seventh Circuit. The Seventh Circuit noted that Plaintiffs should have filed a Response to the Motion for Summary Judgment under Fed.R.Civ.P. 56(f) requesting a continuance and explaining why additional discovery was necessary. Nevertheless, the Court held that the invocation of Local Rule 7.1(D)(2) without any Response by Deere was an abuse of discretion given the history of the motions practice in the case.[2] While not addressing the merits of the additional pending motions, the Circuit Court emphasized the need to address the motion history. Specifically, the Court stated as follows:

> By granting Deere's [previous motion to depose certain experts], the district court had agreed that the disputed expert witness discovery was necessary to Deere's response to Ohio Gear's summary judgment motion. Ohio Gear's October 13 motion to enlarge the previously extended time for the experts' depositions added some ambiguity to the situation. The court did not decide that motion in a timely fashion. In the meantime, the parties made additional written submissions regarding the scope of the proofs and the need to set new event dates in the case based on the continuing disputes over expert witnesses. Oral argument was requested, but the court did not convene a motion hearing. These matters, too, were left unaddressed. Yet the court proceeded to invoke the local rule, treat the facts as admitted, and enter summary judgment—even though the stack of undecided procedural motions included ones targeting the disputed expert discovery that the court had previously determined was a predicate to Deere's response to the summary judgment motion. The history

[2] In this Court's judgment, the protracted motions practice was mostly a consequence of Deere's efforts to obtain relief from the Rule 26(a) sanction.

> of the motions practice in this case was such that the court should not have bypassed all the accumulated discovery motions to grant summary judgment on the basis of procedural default. Deere & Co. v. Ohio Gear, 462 F.3d 701 at 707 (7th Cir. 2006).

Now this case has returned from the Appellate Court and this Court has requested that the parties agree to a scheduling order for proceeding. However, the parties have informed the Court that there is disagreement over whether the issue of lost profits is still in dispute, despite the previous rulings barring such a claim. Thus, it is necessary to resolve that issue for the last time before a schedule can be reached for proceeding to trial.

## II.
## ANALYSIS

Plaintiffs would like this Court to revisit the issue of lost profits damages. Plaintiffs cite Christianson v. Colt Industries Operating Corp., 766 F.Supp. 670, 680 (C.D.Ill. 1991) and Door Systems, Inc. v. Pro-Line Door Systems, Inc., 83 F.3d 169, 174 (7th Cir. 1996), in support of their position that, upon remand, they should be free to re-raise the issue of lost profit damages. However, neither of these cases involves a Court allowing a party to re-dispute an issue which was decided before appeal.

Typically, the "law of the case" doctrine covers situations such as this. The law of the case doctrine posits that when a

court decides upon a rule of law, "that decision should continue to govern the same issues in subsequent stages in the same case." Jarrard v. CDI Telecommunications, Inc., 408 F.3d 905 at 911-912 (7th Cir. 2005); citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-816 (1988). Furthermore, the doctrine applies to a court's own decisions. Christianson, 486 U.S. at 816. The rule provides consistency, protects parties from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action. Analytical Engineering, Inc. v. Baldwin Filters, Inc., 425 F.3d 443 (7th Cir. 2005).

If the Seventh Circuit had reversed this Court's decisions barring the Plaintiffs from proceeding on the matter of lost profits damages, then that would be an entirely different matter. However, the Seventh Circuit noted this Court's ruling on the issue of lost profits as a discovery sanction in their Mandate and did not reverse that decision or otherwise comment about it. Deere & Co. 462 F.3d at 704.

Under the applicable law, for a court to revisit issues already decided (which are not included in an appellate court's mandate) the court "must be convinced that the prior decision is clearly erroneous." McMasters v. U.S., 260 F.3d 814 (7th Cir. 2001). In this case, the Seventh Circuit noted this Court's ruling on the issue of lost profits and did not reverse this

Court's ruling when this case was before them. That alone is persuasive evidence that this Court's ruling is not clearly erroneous.

Furthermore, this Court is not convinced that the previous decision was erroneous, let alone clearly erroneous. Both fact and expert discovery had been closed in this case; it had only been re-opened for a limited purpose to allow Plaintiffs to take the depositions of Defendants' experts. This was a different kettle of fish than the wholesale reopening of all discovery to address an issue belatedly introduced by Plaintiffs in violation of discovery rules.

Sanctions for discovery abuses are intended to insure the integrity of the discovery process. Flury v. Daimler Chrysler Corp., 427 F.3d 939 at 944 (11th Cir. 2005). The fact that the impact of the sanctions in this case may be significant is only a product of the discovery violation itself. Failing to disclose material which can change the outcome of a case by millions of dollars leads to a sanction which can cost a party millions of dollars. See, e.g., In re Marshall, 253 B.R. 550 (Bkrtcy.C.D.Cal. 2000), rev'd on other grounds, Marshall v. Marshall 126 S.Ct. 1735 (2006). Thus, this Court is not convinced that its prior decision was clearly erroneous.

As a result, this Court can only address the issue of lost profits to the extent that it falls within the Appellate Court's

Mandate. In this case, the issue of lost profits damages is within the Appellate Court’s Mandate only to the extent raised in Plaintiffs’ Motion for Relief from the Order[s] [Doc. 178] which was on of the pending motions mooted by this Court’s summary judgment Order [Doc. 202]. The Mandate requires the Court decide that motion and all others as they stood on the day summary judgment was allowed. Since that Motion was fully briefed, this Court will now address the merits of that Motion for Relief. [Doc. 178.]

**A.**
**Plaintiffs’ Motion for Relief**

Plaintiffs’ Motion for Relief alleges three grounds for relief from the previous order: 1) Defendants engaged in discovery violations; 2) Defendants failed to supplement their expert report before filing a Summary Judgment Response; and 3) the Court abused its discretion and erred in its ruling.

A motion for relief from a judgment or order is governed by Fed.R.Civ.P. 60(b). While the rule is geared toward those who are seeking relief from a judgment, it also provides guidance when a party is seeking relief from a Court order. The rule states as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could

> not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b)

Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. Cincinnati Ins. Co. v. Flanders Elec. Motor Serv. Inc., 131 F.3d 625, 628 (7th Cir. 1997). When considering motions under Rule 60(b) Courts have applied the same reasoning that is applied to motions to reconsider. Specifically, courts have noted that "reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Karraker v. Rent-A-Center, Inc., 411 F.3d 831 (7th Cir. 2005); citing Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264 (7th Cir. 1996). With this demanding legal standard in mind, this Court turns to the arguments raised by Plaintiffs.

Plaintiffs' primary argument alleges that the Defendants violated rules of discovery. Essentially, Plaintiffs argue that when the Defendant moved to bar the testimony of Tremaglio, they themselves had filed an incomplete expert report. Plaintiffs

allege that because of the Defendants' "unclean hands" the Plaintiffs should be allowed to proceed on the issue of lost profit damages. Specifically, Plaintiffs allege that Defendants' expert reports were deficient in that specific schedules were omitted. Plaintiffs then cite Fed.R.Civ.P. 37 which governs a party's failure to disclose information required by Rule 26. However, nothing in Rule 37 or Rule 26 provides grounds for this Court to provide relief from its previous Order of July 19, 2004 imposing sanctions against Plaintiffs. Plaintiffs fail to establish a nexus between the Defendants' alleged discovery violations and the relief for which the Plaintiffs seek.

This Court ruled that Plaintiffs could not belatedly raise the issue of lost profits as a sanction for a Rule 26 violation and because doing so would dramatically alter the dynamics of the case after discovery was closed. Plaintiffs fail to demonstrate how Defendants' alleged minor discovery violation and so-called 'unclean hands' amounted to extraordinary circumstances worthy of relief. The allegations, if true, do not justify Plaintiffs' failure to provide over 3,600 pages worth of documents which dramatically altered the dynamics of the case after both fact and expert discovery was closed. Nor do Plaintiffs demonstrate how Defendants' alleged discovery violations amount to exceptional circumstances which would

justify this Court reopening discovery on a wholesale basis to allow exploration of this issue four years into the case.

Plaintiffs' second argument fails for the same reasons. Plaintiffs argue that the Defendants failed to supplement their expert reports based on the information supplied to them in Tremaglio's report and in the deposition testimony of another witness. Once again, Plaintiffs offers no nexus between the violation alleged and the relief sought. Plaintiffs allege that Defendants' experts provided low damage estimates in an effort to avoid summary judgment on the issue of damages. However, that would only be relevant to the issue of summary judgment. Plaintiffs do not provide any link between Defendants' alleged failure to update their experts' reports and Plaintiffs' failure to act until long after discovery was complete on an integral damages issue in the case. Furthermore, Plaintiffs do not provide any basis for this Court to consider Defendants' alleged violations as an extraordinary circumstance justifying the Court's reconsideration. As a result, Plaintiffs' second argument fails.

Lastly, Plaintiffs argue that this Court abused its discretion and erred in applying Fed.R.Civ.P. 26(a)(1). Rule 26(a)(1) requires that a party disclose potential witnesses names along with any documents which a witness may use to support a party's claim. More pertinent to the issue at hand,

Rule 26 requires a computation of any category of damages claimed and disclosure of documents and other evidentiary material on which such a computation is based. Furthermore, Rule 26(a)(2) requires disclosure of all experts who will testify to such damages at trial.

Plaintiffs first state that no party in this case ever filed a Rule 26(a)(1) disclosure so they should not be punished for failing to make their own disclosure under Rule 26(a)(1).[3] Plaintiffs are essentially arguing that Defendants' practice in this case gave Plaintiffs leave to ignore the requirements of the Federal Rules of Civil Procedure. Regardless of how egregious Defendants' practice is alleged to have been, nothing gives Plaintiff the right to ignore the Federal Rules. When one party allegedly violates the Federal Rules, the remedy is not for the other party to then violate the rules themselves. Furthermore, even if Defendants failed to provide a few documents, nothing in Defendants' alleged behavior would justify withholding 3,600 pages of documents that drastically altered the dynamics of this case.

[3] This Court does not find Plaintiffs' allegation credible in light of previous conflicting arguments made to the Court. Plaintiff alleges that no disclosures were made in this case pursuant to Rule 26(a)(1). Previously, Plaintiff argued that the Defendant failed to update their expert's reports. See, Infra. If the Defendant failed to update their reports, then initial reports must have been provided. If initial reports were provided, then some disclosure must have been made which comported with Rule 26(a)(1).

Next, Plaintiffs argue that the Court erred in holding that Plaintiffs violated Fed.R.Civ.P. 26(a)(1). Specifically, Plaintiffs argue that their expert was governed by 26(a)(2)(B) and as a result failing to disclose the experts documents can not be governed by Rule 26(a)(1). Rule 26(a)(2)(B) provides additional requirements for an expert retained to provide specific expert testimony. However, the disclosure requirements of Rule 26(a)(2)(B) only supplement the requirements of Rule 26(a)(1), they do not release a party from the disclosure requirements of 26(a)(1). Specifically, Rule 26(a)(2) states that "*in addition to the disclosures required by paragraph (1)*, a party shall disclose [the relevant information for an expert]." (emphasis added).

As a result, Plaintiffs were still obligated to comply with Rule 26(a)(1). Accordingly, Plaintiffs' third argument fails and Plaintiffs are not entitled to relief from this Court's Orders on July 16, 2004 and October 6, 2004. As a result, this Court reaffirms its prior holding barring the introduction of lost profits and believes that the issue of lost profits has been put to rest. Continued refusal to accept the Court's ruling will appear vexatious.

**B.**
**Remaining Issues**

This leaves open the question of the remaining motions which were mooted by this Court’s February 2, 2005 Order. The mandate requires the Court to decide these motions before entertaining any summary judgment motions. Given the Court’s ruling with respect to the issue of lost profits, the parties may not deem it necessary to have all of these motions heard. Accordingly, the parties are ORDERED to include in any proposed scheduling order a listing of those pending motions they want decided. If the parties can not agree each side shall submit a concise brief in support of their position.

Furthermore, the Court understands that there is an issue regarding whether Plaintiffs can file an additional Motion for Summary Judgment. Plaintiffs did not appeal the denial of their previous Motion for Summary Judgment. Instead, Plaintiffs have now sought to “withdraw” their previous Motion – even though that Motion was denied. This Court finds no basis for a party to “withdraw” a previous motion once decided under the Federal Rules of Civil Procedure. A Request for Leave to File an additional Motion for Summary Judgment would be more appropriate. Since there may be sound reasons for allowing Plaintiffs to file an additional Motion for Summary Judgment,

this Court will save Plaintiffs the effort of filing such a Request.

In this case, the Appellate Court reversed this Court's Order granting Defendants Summary Judgment. In that same Order, this Court denied Plaintiffs' Motion for Summary Judgment. This Court stated that Plaintiffs' Motion for Summary Judgment "is denied for reasons already expressed in granting Defendants' summary judgment motion…." The Appellate Court reversed this Court's reasoning for granting the Defendants summary judgment. That is to say, this Court can no longer rely upon its previous reasoning in Defendant's summary judgment motion. Therefore, the basis for denying Plaintiffs Motion for Summary Judgment has been undermined. Accordingly, allowing Plaintiffs to re-file a Motion for Summary Judgment fits squarely within the Mandate of the Appellate Court. As a result, in compliance with the Mandate, Plaintiffs as well as Defendants are GRANTED LEAVE to file Motions for Summary Judgment after the last expert depositions have been taken.

The parties, as well as the Court, agree that consistent with the appellate mandate it is necessary to take the deposition of the Defendants' remaining experts. Now that the issue of lost profits has been put to rest, the Court believes that the parties should be able to reach an agreement regarding scheduling going forward. Accordingly, Plaintiffs' Motion for a

Rule 16 Conference is MOOT and the parties are ORDERED to submit an agreed proposed schedule within thirty (30) days regarding the remaining matters in this case - including taking the depositions of remaining experts, Robert Traven and Gregory Roberts. To the extent the parties are unable to reach an agreement, this Court will decide the issues of scheduling.

Lastly, this Court can not ignore the contentious nature of this litigation that has produced litigation tactics which suggest a strategy of obstinacy as a way around unfavorable rulings. It should be clear that the Court is disinclined to reward such tactics. Furthermore, from here forward, the Court expects civility from and between counselors in their communication with each other and their briefs to the court.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for a Rule 16 Conference [Doc. 232] is MOOT. Plaintiffs' Motion for Relief [Doc. 178] is DENIED. All parties are GRANTED LEAVE to re-file Motions for Summary Judgment with the deadline to be set in the scheduling Order to be entered in this case. Parties are ORDERED to submit Briefs and Proposed Scheduling Order consistent with this Opinion and Order within Thirty (30) days.

ENTERED this 19th day of January, 2007.

s/Joe Billy McDade
Joe Billy McDade
United States District Judge