E-FILED
Tuesday, 01 May, 2007  02:26:59 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JOHN DEERE COMPANY and FUNK MANUFACTURING COMPANY, ) ) ) Plaintiffs, ) ) v. ) ) OHIO GEAR and REGAL-BELOIT, ) ) Defendants. ) | Case No. 02-cv-4011 |

**O R D E R**

Before the Court is the Motion to Strike and Bar the Expert Report of Gary Justice and Norma Durham filed by Plaintiffs, John Deere & Company and Funk Manufacturing Company, on July 30, 2004 [Doc. 136]. For the reasons that follow, the motion is DENIED.

**BACKGROUND**

Defendant initially disclosed Gary Justice and Norma Durham, employees of Defendant, Ohio Gear, as fact witnesses. However, on March 31, 2004, both Justice and Durham were then disclosed as opinion witnesses. In light of their new designation this Court allowed Plaintiff to depose both witnesses. These depositions took place on July 8, 2004 for the purpose of exploring any expert opinions each of these witnesses may have. According to Plaintiff, Justice and Durham were unable to recall or provide detail as to the creation and

contents of each of their expert reports, nor were they able to cogently state their expert opinions. Thus, Plaintiff argues, Defendant ran afoul of Federal Rules of Civil Procedure 11, 26, and 37.

## DISCUSSION

Besides citing to the above Rules, Plaintiff offers no analysis as to which specific portions of each of the rules the Defendant violated. As far as can be gleaned from Plaintiff's motion, Defendant produced these experts for deposition and they did not provide testimony that the Plaintiff believes would illuminate their opinions. While Plaintiff is understandably frustrated at the lack of information that was elicited and the cost of the depositions, it is unclear how the Defendant's conduct is sanctionable.

With respect to Rule 11, there is no indication that Plaintiff complied with subsection (c)(1)(A). The Rule 11 motion is not only combined with requests under Rules 26 and 37, but there also is no showing that Plaintiff served the motion on Defendant prior to seeking relief from the Court. As such, Plaintiff's bare Rule 11 request is DENIED.

With respect to Rule 26, Plaintiff has not indicated which portion of this expansive Rule Defendant has violated. The Court assumes that Plaintiff is referring to Rule 26(a)(2)(B) which provides for the preparation of an expert report if the

expert is "specially retained" or the expert is an employee whose regular duties involve providing expert testimony. As Defendant points out, Justice and Durham are not "specially retained" or the type of employees who regularly provide expert testimony. As such, while they ought to be disclosed as experts, <u>Musser v. Gentiva Health Services</u>, 356 F.3d 751, 757 (7th Cir. 2004), they are not required to provide an expert report and any argument that the reports are lacking or unsigned, in violation of Rule 26(a)(2)(B), is without merit.

Finally, with respect to Rule 37, the Court initially notes that Plaintiff failed to certify that they conferred or attempted to confer to resolve the dispute prior to filing this motion. For this reason alone, Plaintiff's request under Rule 37 must be denied. In any event, the Court can only assume that plaintiff is complaining that Defendant failed to make the necessary Rule 26(a) disclosure. As no expert report is required, as indicated above, there has been no showing that Defendant violated Rule 26. Plaintiff also has not argued that, by providing answers such as "I don't know," "I can't recall" or "I can't remember," the witnesses were providing evasive or otherwise incomplete responses in violation of Rule 37(a)(3). Plaintiff also has not specifically argued that Defendant, by proffering witnesses who lacked memory, ran afoul of Rule 37(c) by providing false or misleading disclosures.

Of course, none of the foregoing would prevent Plaintiff from seeking to bar the expert testimony of these witnesses pursuant to the Federal Rules of Evidence and the holding in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993).

## **CONCLUSION**

For the foregoing reasons, the Motion to Strike and Bar the Expert Report of Gary Justice and Norma Durham filed by Plaintiffs, John Deere & Company and Funk Manufacturing Company, on July 30, 2004 [Doc. 136] is DENIED.

Entered this  1st  day of May, 2007

                                              s/ Joe B. McDade
                                              JOE BILLY McDADE
                                              United States District Judge