E-FILED
Monday, 27 July, 2009  03:45:32 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JOHN DEERE & COMPANY, a Delaware Corporation, and FUNK MANUFACTURING COMPANY, a Kansas Corporation,<br>    Plaintiffs,<br> v.<br><br>OHIO GEAR, and REGAL-BELOIT, a Wisconsin Corporation,<br>    Defendants. | Case No. 02-4011<br><br>Hon. Joe Billy McDade,<br>United States District Judge. |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO EXCLUDE EVIDENCE AND ARGUMENT CONTRARY
TO THIS COURT'S PRIOR RULINGS AND ORDERS IN THIS CASE**

Plaintiffs John Deere & Company and Funk Manufacturing Company (collectively, "Deere") bring this motion under Federal Rules of Evidence 402 and 403 to exclude evidence and argument contrary to this Court's prior rulings and orders in this case. Specifically, Deere respectfully requests that the Court enter an order barring evidence and argument in the following categories.

**I.   Evidence and Argument Regarding the Formation of the Contract Should Be Excluded.**

Defendants Ohio Gear and Regal Beloit (collectively, "Ohio Gear") included numerous documents on their exhibit list that relate solely to the formation of the contract between Deere and Ohio Gear. For example, the exhibit list includes Ohio Gear's 1997 price quotations, notes and other documents from 1997 meetings between Ohio Gear and Deere, and the letters from Ohio Gear that referred to "terms and conditions." This Court already has determined as a matter of law that a contract was formed between Deere and Ohio Gear and how that contract was formed pursuant to Uniform Commercial Code ("UCC") § 2-703. (*See* Doc. 272 at 16–18.)

Deere's case against Ohio Gear is a damages case. Thus, evidence and argument about the formation of the parties' contract should be excluded as irrelevant under Federal Rule of Evidence 402. This evidence and argument also should be excluded under Rule 403 because it could unfairly prejudice Deere. If the jury is confused or misled into believing that Ohio Gear may not be bound or should not be bound by the contract, the jury could improperly award less damages than Deere is entitled. That result would be contrary to the Court's findings as a matter of law.

II.   **Evidence and Argument Premised on Non-Existent Contract Terms Should Be Excluded.**

Ohio Gear recently argued to this Court that "Deere never allowed Ohio Gear to effect its warranty." (Doc. 303 at 2.) By this argument, Ohio Gear means to suggest that the parties' contract is subject to a limited warranty by which Ohio Gear, despite its breach of contract, is somehow not liable to Deere for its full damages. That argument is contrary to both this Court's prior orders and the controlling law. Ohio Gear should not be allowed to make this argument to the jury.

Deere's damages are governed by the UCC, not by terms on Ohio Gear's form to which Deere never agreed. (*See* Doc. 315 at 5.) The provisions of Ohio Gear's form that purported to limit Ohio Gear's warranty "vanished" as discrepant terms under UCC § 2-207(3) and were replaced by UCC gap-fillers. (*See* Doc. 272 at 17.) Under the UCC, Deere is entitled to the full measure of its damages to remedy Ohio Gear's breach. (*See* Doc. 315 at 2, *quoting* UCC § 1-305.) Thus the Court held on July 24, 2009, that Deere is entitled to recover as damages for Ohio Gear's breach all reasonable costs under UCC § 2-714. (*See* Doc. 315 at 5.) Terms on Ohio Gear's forms that differed from the terms on Deere's forms have no relevance to any issue

2

properly before this Court because this Court held that Deere is not bound by them.  (*See* Doc. 272 at 16–18.)

Evidence and argument regarding terms on the parties' forms that are not part of the contract should be excluded under Federal Rule of Evidence 402 because it is not relevant and under Rule 403 because it could unfairly prejudice Deere.  If Ohio Gear is permitted to introduce evidence, such as Ohio Gear's invoices and price quotations or letters from Ohio Gear representatives, that includes or refers to "vanished" discrepant terms, the jury may be confused or misled into believing that Deere is not entitled to full compensation for Ohio Gear's breach.  Ohio Gear should not be permitted to confuse and mislead the jury by contradicting the Court's findings or introducing irrelevant evidence at trial.

### III. Ohio Gear Should Be Precluded from Arguing That Deere's Damages Should Be Limited to the Cost of the Washers.

Ohio Gear argued in its memorandum on the measure of damages that Deere's "repair and replace" damages under UCC § 2-714 should be limited to the cost of the defective washers plus shipping.  (*See* Doc. 303 at 3.)  The Court rejected that argument in its recent order because the law is clear that Deere is entitled to recover its reasonable out-of-pocket expenses.  (*See* Doc. 315 at 6–7.)  Despite the Court's order, Ohio Gear has persisted in making this argument in the pretrial order.  Under the law, Deere is entitled to recover the full measure of its reasonable costs to remedy Ohio Gear's breach.  *See IMI Norgren Inc. v. D&D Tooling & Mfg., Inc.*, 247 F. Supp. 2d 966, 971–72 (N.D. Ill. 2002).  To suggest otherwise is contrary to law, and Ohio Gear should be barred from doing so at trial.

### IV. Ohio Gear Should Be Barred from Implying That It Did Not Breach the Contract.

In their drafts and revisions of the pretrial order, Ohio Gear has refused to acknowledge that it breached its contract with Deere.  Instead, Ohio Gear asserts that it breached only an

3

"express warranty," implying that there is a difference. There is no difference here, and Ohio Gear should be barred from arguing or implying that there is. This Court held that Ohio Gear's express warranty that the washers would be heat-treated was part of the parties' contract, and Ohio Gear breached it. (*See* Doc. 272 at 19–20.) Any suggestion that Ohio Gear did not breach the contract flies in the face of this Court's rulings and should be excluded under Rule 403 to prevent confusing the jury.

V.     **The Court Already Held That Evidence Related to the Design of the Differential Is Not Relevant, So All Such Evidence and Argument Should Be Excluded.**

Ohio Gear's exhibit list includes numerous documents that relate solely to the design of the differential assembly. For example, the list includes 1995 price quotations and meeting notes relating to Deere's previous differential assembly vendor; preproduction project schedules, notes, and correspondence regarding design, cost analysis, and other planning for the CUT tractor; correspondence regarding changes Deere requested that Ohio Gear make to the differential assembly that were unrelated to the soft washers; notes and correspondence regarding Deere's replacement of the Ohio Gear differential assembly with one manufactured by a different vendor; and "engineering change notices" that Deere issued regarding improvements made to the differential assembly design in 2002. Ohio Gear also listed on its witness list witnesses who cannot speak to Deere's damages and whose sole function is to address alleged defects in the differential assembly design.

This Court has already held that the design of the differential assembly is not relevant to any issue in this case. Specifically, the Court held that:

- "events that occurred prior to the creation of the contract … are therefore irrelevant,"
- "the mere fact that Deere improved a future design has nothing to do with whether the soft washers supplied by Ohio Gear led to the recall in this case," and

4

- "whether the differentials would have failed in the future is irrelevant."

(Doc. 266 at 7–9). The Court properly rejected Ohio Gear's attempt to confuse the issues by arguing that purported flaws in the design or incidental benefits Deere supposedly realized from the recall excused Ohio Gear's breach. Even if Ohio Gear's attacks on Deere's design were valid, which they are not, they have no relevance to the determination of Deere's damages. Moreover, allowing Ohio Gear to confuse and mislead the jury into speculating about what would have happened if Ohio Gear had not breached its contract would unfairly prejudice Deere. Evidence and argument related to the design of the differential should therefore be excluded under Rules 402 and 403 and this Court's prior evidentiary rulings.

**CONCLUSION**

Deere respectfully requests that the Court enter an order under Federal Rules of Evidence 402 and 403 and this Court's previous rulings: (1) to exclude evidence and argument regarding the formation of the contract; (2) to exclude evidence and argument regarding non-existent contract terms; (3) to preclude Ohio Gear from arguing that Deere's damages should be limited to the cost of the defective washers plus shipping; (4) to bar Ohio Gear from suggesting that it did not breach the contract; and (5) to exclude evidence and argument related to the design of the differential.

Respectfully submitted,

Plaintiffs John Deere & Company
and Funk Manufacturing Company


By: *s/ John F. Ward, Jr.*
　　　　　One of Their Attorneys

Barry Sullivan
John F. Ward, Jr.
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, Illinois 60611
Tel:  (312) 222-9350
Fax:  (312) 840-7650

Dated: July 27, 2009