**E-FILED**
Monday, 27 July, 2009  03:52:51 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| JOHN DEERE & COMPANY, a Delaware | ) | |
| Corporation, and FUNK | ) | |
| MANUFACTURING COMPANY, a Kansas | ) | |
| Corporation, | ) | Case No. 02-4011 |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | Hon. Joe Billy McDade, |
| OHIO GEAR, and REGAL-BELOIT, | ) | United States District Judge. |
| a Wisconsin Corporation, | ) | |
| Defendants. | | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION IN LIMINE TO EXCLUDE THE OPINION
<u>TESTIMONY OF JOHN BOLTON AND STEWART HAMILTON</u>**

Plaintiffs John Deere & Company and Funk Manufacturing Company ("Deere") bring

this motion under Federal Rule of Evidence 702 to exclude the opinion testimony of Ohio Gear's

proposed expert witnesses John Bolton and Stewart Hamilton.  Bolton and Hamilton offer one

basic opinion:  that the differentials would have failed sometime in the future (even with hard

washers).  That opinion should be barred for two reasons:  (1) This Court already has determined

that the opinion (as earlier offered by Ohio Gear's former expert, Frederick Kucklick) is totally

irrelevant to this case and irrelevant to the question of Deere's damages, and (2) Mr. Bolton and

Mr. Hamilton fail to meet the basic reliability standards for expert testimony as set forth in

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 578 (1993), and its progeny.

**I.**     **The Opinions Offered By Mr. Bolton and Mr. Hamilton Should Be Excluded As
Irrelevant to Any Issue in This Case.**

Ohio Gear's witness list proposes to include "expert testimony" from Ohio Gear

employees Hamilton and Bolton.  Each of these witnesses, in their written reports, offer one

basic opinion:  "there were broader design problems with the [differential] assemblies … that

could have resulted in product failure regardless of the hardness of the washers."  (Ex. A, Hamilton Rep. at 1; Ex. B, Bolton Rep. at 1.)

This opinion has nothing whatsoever to do with Deere's damages.  It sheds no light on, for example, the costs Deere incurred in replacing the soft washers Ohio Gear provided in breach of the parties' contract.  Importantly, this Court already has found to be irrelevant the possibility that the differentials may have failed in the future.  As the Court specifically held:  "whether the differentials would have failed in the future is irrelevant to whether the soft washers caused the noise which prompted the recall."  (Doc. 266 at 7.)  The Court made that determination in the context of its order excluding part of the opinion testimony of Ohio Gear's other proposed engineering expert, Mr. Kucklick.

In performing its gate-keeping function under Rule 702, a district court must "determine whether the evidence or testimony assists the trier of fact in understanding the evidence or in determining a fact in issue. That is, the suggested scientific testimony must 'fit' the issue to which the expert is testifying."  *Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341, 344 (7th Cir. 1995) (quoting *Porter v. Whitehall Lab.*, 9 F.3d 607, 616 (7th Cir. 1993); *see also Jackson v. Nat'l Action Fin. Servs., Inc.*, 441 F. Supp. 2d 877, 882 (N.D. Ill. 2006) (excluding expert testimony based on survey data where the survey questions were irrelevant to the issue in the case); *Haager v. Chicago Rail Link, LLC*, 232 F.R.D. 289, 294 (N.D. Ill. 2005) (excluding engineer's opinions as not relevant because they dealt with claims not in the case).

The adequacy of the design of the differential assembly is not at issue in this case. Speculation about what would have happened if Ohio Gear had not breached the parties' contract will not assist the jury to determine the amount that Deere reasonably spent to remedy Ohio

2

Gear's breach.  Like Mr. Kucklick's opinion on this issue, Mr. Hamilton's and Mr. Bolton's

opinions are not relevant and therefore should be excluded.

**II.**     **The Opinions Offered By Mr. Bolton and Mr. Hamilton, Even Assuming Arguendo They Are Relevant, Should Be Excluded As Unreliable.**

Even if the opinions that Mr. Hamilton and Mr. Bolton offered were relevant to the

parties' dispute, which they are not, those opinions should be excluded because they are the

product of flawed methodology.

Some of the hallmarks of reliability for which courts look in assessing whether an expert

opinion is grounded in reliable scientific methodology are: "(1) whether the proffered theory can

be and has been tested; (2) whether the theory has been subjected to peer review; (3) whether the

theory has been evaluated in light of potential rates of error; and (4) whether the theory has been

accepted in the relevant scientific community." *Winters v. Fru-Con Inc.*, 498 F.3d 734, 742 (7th

Cir. 2007) (citing *Daubert*, 509 U.S. at 593–94).  Mr. Hamilton and Mr. Bolton fulfill none of

these.

Neither Mr. Hamilton nor Mr. Bolton performed their own testing; instead both purport

to rely on Deere's data in forming their opinions.  (*See* Ex. C, Hamilton Dep. 53:4–13; Ex. D,

Bolton Dep. 33:13–15, 34:20–36:22.)  Nor did Mr. Hamilton or Mr. Bolton demonstrate a

methodology that justified their conclusions on the basis of Deere's data.  *See Fuesting v.*

*Zimmer, Inc.*, 421 F.3d 528, 536 (7th Cir. 2005) (reversing decision admitting expert who did not

perform any testing and did not "bridge the analytical gap" by explaining how his conclusions

were based on accepted principles), *aff'd in relevant part and rev'd on other grounds in part*,

448 F.3d 936 (7th Cir. 2006).

In fact, the witnesses demonstrated that they did not have knowledge of important details

about the tests that Deere performed, and did not know the complete results of Deere's tests: Mr.

3

Hamilton stated that he was "not totally" aware of the results of Deere's test, and did not know

what Deere's acceptable design life—the number of hours a machine is expected to run without

problems—was for the differential assembly.  (*See* Ex. C, Hamilton Dep. 50:24–51:16.)  Mr.

Bolton acknowledged that he did not have copies of Deere's field data regarding the alleged

flaws that he believed would cause the differential assembly to fail even if the washers were

heat-treated.  (*See* Ex. D, Bolton Dep. 33:6–34:6.)  Mr. Bolton was even "critical" of the tests

Deere designed, despite his decision to rely on them.  (*See* Ex. B, Bolton Rep. at 2; Ex. D, Bolton

Dep. 35:24–36:4.)[1]  Mr. Kucklick similarly "chose to rely solely on Deere's test reports without

verifying their methodology," and this Court held that was not a sufficient basis for expert

testimony.  (Doc. 273 at 11.)

Opinions based on data already in evidence, like those offered by Mr. Bolton and Mr.

Hamilton, are also not admissible because they are not helpful to the finder of fact.  This Court

held with regard to Mr. Kucklick that because he relied solely on Deere's test reports, he could

provide no assistance to the trier of fact: "[s]imply restating something clearly contained within a

report does not require the assistance of an expert witness."  (Doc. 273 at 11.)  The Seventh

Circuit has similarly held that "an expert who supplies nothing but a bottom line supplies nothing

of value to the judicial process."  *Mid-State Fertilizer Co. v. Exchange Nat'l Bank*, 877 F.2d

1333, 1339 (7th Cir. 1989); *see also Dhillon v. Crown Controls Corp.*, 269 F.3d 865, 871 (7th

Cir. 2001) ("[A]n expert ... must testify to something more than what is 'obvious to the

layperson' in order to be of any particular assistance to the jury." (internal quotation marks

omitted)).  Moreover, opinion testimony that offers only commentary on existing data should be

---

[1]    Mr. Bolton's assertion that he was "critical" of Deere's testing cannot make his opinion
relevant, moreover, because he ends by relying on this same testing in support of his primary
assertion that the differential "might" fail in the future.  (Ex. B, Bolton Rep. at 2.)

excluded as prejudicial because jurors are likely to accord improper weight to testimony by a supposed "expert." *See Owaki v. City of Miami*, 491 F. Supp. 2d 1140, 1160–61 (S.D. Fla. 2007).

In addition to their failure to perform any testing, Mr. Hamilton and Mr. Bolton did not consult with other engineers, subject their theories to peer review, or otherwise demonstrate that their opinions had general acceptance in the engineering community.  (*See* Ex. C, Hamilton Dep. 80:6–81:4; Ex. D, Bolton Dep. 42:1–45:12.)  This record "stacks up quite poorly against most all indicia of reliability."  *Fuesting*, 421 F.3d at 537.

Instead of explaining how their conclusions are grounded in reliable methodology, Mr. Hamilton and Mr. Bolton cited their personal opinion and alleged experience.  (*See* Ex. C, Hamilton Dep. 28:19–33:2; Ex. D, Bolton Dep. 41:8–45:12.)  That is not a sufficient basis for expert opinion under Rule 702, as this Court previously held: "conclusions based only on personal opinion and experience do not suffice if the purported theory lends itself easily to testing and substantiation."  (Doc. 273 at 8, *citing Dhillon v. Crown Controls Corp.*, 269 F.3d 865, 870 (7th Cir. 2001).)   The Seventh Circuit similarly held that "conclusions that are not falsifiable aren't worth much to either science or the judiciary."  *Zenith Elec. Corp. v. WH-TV Broadcasting Corp.*, 395 F.3d 416, 419 (7th Cir. 2005); *see also Clark v. Takata Corp.*, 192 F.3d 750, 758 (7th Cir. 1999) (upholding exclusion of expert who offered opinions "based solely on his belief and assumption without any scientific testing data or supporting research material").

Thus, because the opinions offered by Mr. Hamilton and Mr. Bolton are the product of *ipse dixit* guesswork, unsupported by sound engineering methodology, their opinions should be excluded.

## **CONCLUSION**

Deere respectfully requests that the Court enter an order excluding the opinion testimony

of John Bolton and Stewart Hamilton.

Respectfully submitted,

Plaintiffs John Deere & Company
and Funk Manufacturing Company

By: _s/ John F. Ward, Jr._
                          One of Their Attorneys

John F. Ward, Jr.
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, Illinois 60611
Tel: (312) 222-9350
Fax: (312) 840-7650

Dated: July 27, 2009