E-FILED
Monday, 27 July, 2009 04:05:41 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | |
|---|---|
| JOHN DEERE & COMPANY, a Delaware Corporation, and FUNK MANUFACTURING COMPANY, a Kansas Corporation, | ) ) ) ) |
| Plaintiffs, | ) Case No. 02-4011 ) |
| v. | ) Hon. Joe Billy McDade, |
| OHIO GEAR, and REGAL-BELOIT, a Wisconsin Corporation, | ) United States District Judge. ) ) |
| Defendants. | ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION IN LIMINE TO BAR THE TESTIMONY OF ROBERT J. TRAVEN**

Plaintiffs John Deere & Company and Funk Manufacturing Company ("Deere") have filed a motion in limine under Federal Rule of Evidence 702 to exclude the opinion testimony of Ohio Gear's proposed expert witness Robert J. Traven.

Mr. Traven is proffered as an expert to offer two opinions: (1) that only $615,259 of Deere's claimed $710,319 in external charges from third party vendors to address the soft-washer problem were "supported," and (2) that there was "no detail to support" Deere's claimed charges from Deere's independent dealers for repairs they undertook to address the soft-washer problem.

Mr. Traven's proffered testimony should be barred. First, Mr. Traven is testifying based on his expertise as an "investigative accountant" (Traven Dep. at 46-47), but his expert report and opinions identify no accounting or other expert standards for what are or are not "supported" damages; nor does his report identify any expert methodology he could have used to evaluate Deere's evidence on damages before issuing his opinion that Deere's damages were unsupported. In essence, Mr. Traven's proffered expert testimony is misplaced argument based merely on the *ipse dixit* of Mr. Traven, and is not expert testimony that will "assist the trier of

fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702.  While Mr. Traven may be qualified to offer an opinion as an "investigative accountant," the opinions contained in his expert report are not opinions couched in any identifiable accounting or other expert standards and principles, but are simply his commentary on the sufficiency of the evidence — testimony that cannot be admitted as "expert" opinion under Rule 702.

Second, Mr. Traven's assertion that "we have received no detail that supports" Deere's dealer charges, which is the alleged basis for his expert opinion, is directly contradicted by the record, which shows that Deere produced documents to Ohio Gear (including electronic business records F2909 and H3651)[1] which support Deere's claimed damages.  The record also shows that these were made available to Mr. Traven.  Indeed, Mr. Traven admitted in his deposition to receiving F2909, but stated that he did not bother to analyze F2909 to test which damages were supported because "the man hours that would take to schedule this out would be prohibitive." (Traven Dep. at 149.)  Mr. Traven does not explain in his expert report or in his deposition testimony why F2909 (or H3651) were insufficient to support Deere's damages, and he identifies no criteria for his conclusion that they should be disregarded, apart from the fact that it was too much trouble for him to analyze them.  Because Mr. Traven has failed to demonstrate that his opinion is based on "sufficient facts or data," and actually ignores data that supports Deere's damages, the opinion should be excluded as unreliable under Fed. R. Evid. 702.

## ARGUMENT

**I.    Mr. TRAVEN'S OPINION IS NOT AN OPINION BASED ON PRINCIPLES IN HIS FIELD OF EXPERTISE — INVESTIGATIVE ACCOUNTING.**

---

[1] F2909 was produced on September 24, 2003, well in advance of Mr. Traven's March 29, 2004 report.  H3651 was produced on July 8, 2004 — well in advance of Mr. Traven's April 10, 2007 deposition.

Mr. Traven's opinion that Deere's claimed repair costs are not substantiated (Traven Report at 2) does not qualify as admissible expert testimony under the standards set forth in Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). While Mr. Traven identifies his expertise as being an "investigative accountant," his opinion does not identify any standards in the field of investigative accounting that he relied on, and it does not purport to assess the materials he received and had access to from Deere (including electronic business records F2909 and H3651) against any such standards. Thus Mr. Traven's opinion is not an "investigative accounting" related "expert" opinion at all, but mere *ipse dixit* argument masquerading as expert testimony — it does not "assist the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702.

To be admissible under Fed. R. Evid. 702, an expert's opinion must be limited to the areas of expertise in which the proffering party can qualify the expert. *See, e.g. Goodwin v. MTD Prods., Inc.*, 232 F.3d 600, 609 (7th Cir. 2000) (finding the a medical engineer was unqualified to testify as to medical causation). A court must "determine whether the evidence or testimony assists the trier of fact in understanding the evidence or in determining a fact in issue," *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 344 (7th Cir. 1995), and assessing the "helpfulness" of a proposed expert's testimony requires consideration of whether the expert testimony would be misleading or confusing in the context of the trial, and "incorporates to some extent a consideration of the dangers, particularly the danger of unfair prejudice, enumerated in Fed. R. Evid. 403." *United States v. Curry*, 977 F.2d 1042, 1051 (7th Cir. 1992) (quoting *United States v. Downing*, 753 F.2d 1224, 1237, 1242 (3d Cir. 1985)). Indeed, an expert may testify only to conclusions drawn from his experience in the field of his expertise, and may not testify or offer opinions divorced from or applying standards separate from that expertise. *See Mid-State*

*Fertilizer Co. v. Exchange Nat'l Bank of Chicago*, 877 F.2d 1333, 1340 (7th Cir. 1989) (economist expert impermissibly testified "in legal rather than economic terms" and rendered "a legal rather than an economic opinion.") (citations omitted).

In this case, Traven's proposed testimony fails to be "helpful" because his stated opinions are entirely divorced from his claimed field of expertise. As Traven repeatedly noted in his deposition, he claims to be qualified to testify only as an expert in "investigative accounting."

Q: What field are you in? How would you describe it?

A: I'm in the investigative accounting field.

Q: And do you consider yourself an expert in the investigative accounting field?

A: Yes.

Q: Do you consider yourself an expert in any other field beyond the — in addition to the investigative accounting field?

A: No.

(Traven Dep. at 46.) Thus, if Traven hopes to offer an expert opinion, it must be one based on the principles and standards of investigative accounting with which he is familiar.

A review of Traven's opinion, however, shows that he has not identified any standards used to reach the conclusions in his report. Traven states that there is "no detail that supports" Deere's damages and that there was only "support" for $615,617 of Deere's claimed damages (Traven Report at 2), but he A) identifies no standards in investigative accounting for determining what details would be "sufficient" proof of damages, B) does not explain why the materials that Deere provided (including electronic business records F2909 and H3651) did not qualify as proof in support of Deere's claimed damages, and C) does not identify how his own unstated criteria for assessing the sufficiency of Deere's damages evidence conforms with the standards in investigative accounting.

It is Ohio Gear's burden under Rule 702 and *Daubert* to show that Traven's proposed opinions are "helpful" to the trier of fact. To this end, Ohio Gear must demonstrate that Mr. Traven's proffered testimony demonstrates the same degree of intellectual rigor that applies in Mr. Traven's chosen field of expertise, *U. Khan v. State Oil. Co.*, 93 F.3d 1358 (7th Cir. 1996), and Mr. Traven must "substantiate his opinion; providing only an ultimate conclusion with no analysis is meaningless." *Huey v. United Parcel Service, Inc.*, 165 F.3d 1084, 1087 (7th Cir. 1999).

Traven is an investigative accountant. But he offers nothing to "assist the trier of fact" in determining the amount of Deere's damages if he merely states, without reference to any applicable standards in the field of investigative accounting, that Deere's damages are "unsupported." Deere has no way of "testing" his opinions, because he fails to offer any standard in the field of investigative accounting for determining whether or not damages are "supported," and has done nothing more than state in a conclusory fashion that Deere's evidence does not "support" its damages claims. *See Dhillon*, 269 F.3d at 870 (conclusions based only on personal opinion and experience do not suffice if the purported theory easily lends itself to testing and substantiation). As this Court has held, "John Deere is not required to prove damages to a mathematical certainty but damages may not be based on speculation or conjecture." (Doc. 315 at 3) (citing *Valenti v. Mitsubishi Motor Sales of America, Inc.*, 773 N.E.2d 1199, 1203 (Ill. App. Ct. 2002)). Traven's opinion is based on no identified standard in his field, much less a standard that conforms with the legal standard (not mathematical certainty, but more than speculation or conjecture) in this case. Because Traven's opinion testimony will not assist the jury in determining whether Deere has proven its damages, it must be barred.

Furthermore, allowing Traven to testify, in essence, as to the sufficiency of Deere's damages evidence carries with it a very real danger of undue prejudice and confusion — that the jury might substitute Traven's opinion on the sufficiency of Deere's damages evidence for their own independent determination based on all the evidence in the case as to the proven amount of Deere's damages. It is for this reason that courts have noted that expert testimony that offers nothing but commentary on existing information should be excluded, because lay jurors are likely to accord improper talismanic weight to the testimony by a supposed "expert." *Owaki v. City of Miami*, 491 F. Supp. 2d 1140, 1160-61 (S.D. Fla. 2007); *see also Riley v. T.T. Barge Cleaning, Inc.*, 2003 WL 21639159 (E.D. La. 2003) (holding that it is court's duty as gatekeeper to decide whether the jury could adeptly assess the facts at issue using only their common experience and knowledge, thus obviating the need for expert testimony, and whether an expert's testimony brings no more to the jury than the lawyers can offer in argument.) "Expert testimony as to legal conclusions that will determine the outcome of a case is inadmissible." *In re Ocean Bank*, 481 F. Supp. 2d 892, 898 (N.D. Ill. 2007) (quoting *Good Shepherd Manor Found. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003)).

The only issue remaining in this case is for the jury to determine the reasonable amount of damages Deere incurred to address Ohio Gear's breach, and whether Deere has proven its damages sufficiently. Because Traven's opinions are offered without any explanation of the standards that he employed as an expert in "investigative accounting," and are not offered within the field of this claimed expertise, they cannot and do not assist the trier in any respect in assessing the actual amount of Deere's damages. This Court properly excluded the expert opinion of Frederick Kucklick for failing to identify the methodology and standards which Kucklick employed to come to his opinions (Doc. 266 & 273). Mr. Traven's opinions on the

sufficiency of Deere's damages evidence should be barred as methodologically unsound and thus inadmissible under Rule 702 for the same reasons.

## II.  CONTRARY TO TRAVEN'S STATED OPINION, DEERE HAD PRODUCED TO OHIO GEAR DOCUMENTS SUPPORTING ITS CLAIMED DAMAGES — TRAVEN HAS NOT CONSIDERED THEM, AND HIS OPINION IS THUS UNRELIABLE.

Even if Traven's proposed expert testimony were helpful to the trier of fact and within his claimed field of expertise, it is not "reliable" as required under Fed. R. Evid. 702.  Contrary to Traven's assertion that there was "no detail to support" Deere's damages amount, the record shows that Deere produced electronic business records supporting its damages that Traven failed to consider.  In determining whether an expert's testimony is reliable, the proffering party bears the burden of showing that the expert's testimony "is the product of reliable principles and methods" that are applied "reliably to the facts of the case."  Fed. R. Evid. 702.  Expert testimony must be based on "sufficient facts or data" and cannot be based on "subjective belief or unsupported speculation."  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993); *Wintz v. Northrop Corp.*, 110 F.3d 508, 512 (7th Cir. 1997).

Here, Mr. Traven's report states that he "received no detail to support" Deere's damages for costs related to dealer repair charges addressing the soft-washer differential.  (Traven Report at 2.)  However, on September 24, 2003, Deere had produced F2909, a business record that listed detailed information on its dealer repair claims, including work performed, labor costs, and total costs; this document was available to Traven at the time he drafted his report, and he merely disregarded it.  (Traven Dep. at 147-165.)  Indeed, Traven admitted in his deposition that he received F2909, but that he did not analyze it to test which damages were supported because "the man hours that would take to schedule this out would be prohibitive."  (Traven Dep. at 149.) Deere also produced, on July 8, 2004, an electronic business record labeled as H3651, a business

record of information taken from Deere's Warranty Warehouse Database tracking all of the repairs and costs paid by Deere to its dealers for repairs to address Ohio Gear's breach. Traven did not consider this business record, and has not amended his expert report in the 5 years since he offered it to state whether this business record offers the "further information to identify the purported accounts codes and the supporting detail that breaks down the dollar amounts for each category" that his initial report claims was lacking.[2] (Traven Report at 2.)

Despite this "detail" supporting and substantiating Deere's damages being produced to Ohio Gear and thus available to be reviewed by Traven, Traven stated that his "opinion" that Deere's damages were unsupported was based on a lack of "detail." The "detail" was presented to Ohio Gear, and Traven chose to disregard it. He cannot "opine" that "detail" was lacking, when that very "detail" was produced — he must, if anything, offer his rationale for disregarding these probative electronic business records in light of identified principles in the field of investigative accounting, his claimed field of expertise. Not only does Traven completely fail to identify any such standards (as detailed in Section I above), but he also fails to identify any rationale for disregarding F2909 and H3651.

Furthermore, even if Traven had a reason (based on his unidentified and thus untestable investigative accounting standards) for disregarding F2909 and H3651, his failure to consider these electronic business records calls into question the reliability of his opinions, and whether they are based on "sufficient facts or data" under Fed. R. Evid. 702. When an expert fails to consider the relevant information available to him, and forms an opinion without regard to such information, this "render[s the expert's] entire report unreliable and demonstrate[s] that [the expert] failed to apply 'the same level of intellectual rigor that characterizes the practice in the

---

[2] Nor should Traven, five years after his initial report, be permitted to amend his expert opinion now.

8

relevant field.'" *Ellipsis, Inc. v. The Color Works, Inc.*, 428 F. Supp. 2d 752, 761 (W.D. Tenn. 2006) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)); *see also U. Khan*, 93 F.3d at 1358. A court deciding on the admissibility of expert testimony under Fed. R. Evid. 702 must be satisfied that the expert's testimony is "based upon sufficient facts or data." *United States v. Parra*, 402 F.3d 752, 758 (7th Cir. 2005). The facts considered by the expert to form his opinion must be sufficient to support his proposed testimony, since "experts' opinions are worthless without data and reasons." *Kenosha v. Heublein*, 895 F.2d 418, 420 (7th Cir. 1990); *see also Elliott v. CFTC*, 202 F.3d 926, 934 (7th Cir. 2000).

    Here, Traven's opinion is that Deere did not produce sufficient information for him to form a conclusion on Deere's claimed costs paid to dealers for repairs to address the soft-washer differential problem. (Traven at 2.) However, Mr. Traven has had access to F2909 and H3651 for over 5 years, and his failure to consider these electronic business records, and the impact they may have on his opinion, indicate that his initial opinion is not "based on sufficient facts or data." Indeed, F2909 and H3651 may themselves be the very "further information" Traven opines that he needs to "support" Deere's damages. Traven's opinions are therefore unreliable and inadmissible under Fed. R. Evid. 702.

## **CONCLUSION**

For all of the foregoing reasons, Deere's Motion to Bar the Testimony of Robert Traven should be granted.

                                                                   Respectfully submitted,

                                                                   Plaintiffs John Deere & Company
                                                                   and Funk Manufacturing Company

                                                                   By: _s/ John F. Ward, Jr._____
                                                                             One of Their Attorneys

Barry Sullivan
John F. Ward, Jr.
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, Illinois 60611
Tel:  (312) 222-9350
Fax:  (312) 840-7650

Dated:  July 27, 2009


## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2009, I electronically filed the foregoing Plaintiffs' Memorandum of Law in Support of its Motion in Limine to Bar the Testimony of Robert Traven with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kevin G. Owens, Esq.
Angela M. Kostalieff, Esq.
David M. Macksey, Esq.
Garrett L. Boehm, Jr., Esq.
Meanith Huon, Esq.
JOHNSON & BELL, LTD
Suite 2700
33 W. Monroe St.
Chicago, IL 60603
owensk@jbltd.com
kotsalieffa@jbltd.com
mackseyd@jbltd.com
boehmg@jbltd.com
huonm@jbltd.com
Attorneys for Defendant/Third-Party
Plaintiff Ohio Gear and Regal-Beloit

Roger A. Lathrop, Esq.
Martha L. Shaff, Esq.
BETTY, NEUMAN & MCMAHON, P.L.C.
111 East Third St.
Suite 600
Davenport, IA 52801
ral@bettylawfirm.com
mls@bettylawfirm.com
Attorneys for Fourth-Party Defendant
J.T.D. Stamping, Inc.

Ruth E. Robinson, Esq.
SMITHAMUNDSEN LLC
308 W. State St.
Suite 320
Rockford, IL 62201
rrobinson@salawus.com
Attorney for Third-Party Defendant/Fourth-Party
Plaintiff Carson's Nut-Bolt and Tool Co.

 

s/ John F. Ward, Jr.
John F. Ward, Jr.

Barry Sullivan
John F. Ward, Jr.
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, Illinois 60611
Tel: (312) 222-9350
Fax: (312) 840-7650