# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| JOHN DEERE & COMPANY and FUNK MANUFACTURING COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> OHIO GEAR and REGAL-BELOIT, <br><br> Defendants. | Case No. 02-cv-4011 |

## O R D E R

Before the Court is the Motion for Prejudgment Interest filed by Plaintiffs (Doc. 401). The Motion is DENIED.

### BACKGROUND

Plaintiffs seek $1,484,192.74 in prejudgment interest on the jury award of $3,851,045.00 for Defendants' breach of contract and express warranty.

### DISCUSSION

The parties did not enter into an agreement for prejudgment interest. Therefore, Plaintiff is only entitled to interest pursuant to the Illinois' Interest Act, which provides:

> Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill . . .or other instrument of writing . . . and on money withheld by an unreasonable and vexatious delay of payment.

815 Ill. Comp. Stat. § 205/2.

An award of interest is within the discretion of the Court. *Santa's Best Craft, LLC v. St. Paul Faire and Marine Ins. Co.*, 611 F.3d 339, 355 (7th Cir. 2010); *Illinois Health Maintenance Organization Guar. Ass'n v. Shapo*, 826 N.E.2d 1135, 1157 (Ill. App. Ct. 2005); *Marcheschi v. Illinois Famers Ins. Co.*, 698 N.E.2d 683, 688-689 (Ill. App. Ct. 1998). Prejudgment interest can be awarded when the amount is easily computed. *New Hampshire Ins. Co. v. Hanover Ins. Co.*, 696 N.E.2d 22, 28 (Ill. App. Ct. 1998). However, "[w]hen a written instrument establishes an amount due and the time for payment, the creditor has a right to interest." *Milligan v. Gorman*, 810 N.E.2d 537, 541 (Ill App. Ct. 2004). Neither party suggests that the contract at issue is not an "instrument of writing" as used by the Act. *See PPM Finance, Inc. v. Norandal USA, Inc.*, 392 F.2d 889, 895 (7th Cir. 2004) (noting three elements: "(1) a written instrument that establishes indebtedness; (2) a specific or inherent due date; and (3) that the indebtedness is subject to easy calculation."). Defendants argue that Plaintiffs are not entitled to prejudgment interest because the damages amount awarded was not fixed in the contract and because a jury was required exercise its discretion and judgment in determining what damages were due and owing. In particular, Defendants argue that the contracts did not contemplate the recall program that led to Plaintiffs' damages and the damages were subject to a reasonableness analysis by the jury.

Prejudgment interest is appropriately granted when the damages are "subject to easy computation." *Oldenburg v. Hagemann*, 565 N.E.2d 1021, 1029 (Ill. App. Ct. 1991). "If the amount of a claim can be ascertained, or is capable of

ascertainment by mere calculation or computation, it is liquidated [and prejudgment interest on that amount is appropriate]; if judgment, discretion, or opinion, as distinguished from calculation or computation is required to determine the amount of the claim, it is unliquidated" and therefore not recoverable. *First Nat. Bank Co. of Clinton, Ill. v. Insurance Co. of North America*, 606 F.2d 760, 769-770 (7th Cir. 1979). Thus, interest is generally not awarded when a jury awards lost profits on a contract, *See Smart Marketing Group v. Publications Intern. Ltd.*, 624 F.3d 824, 833-834 (7th Cir. 2010), or where damages awarded on an employment contract were for those "proximately caused" by a breach and not for those amounts "due and owing" on the contract, *See Arneson v. Board of Trustees, McKendree College*, 569 N.E.2d 252, 852-853 (Ill. App. Ct. 1991), or where the damages on a contract are based on a commission that would be dependent on several factors. *Cushman & Wakefield of Illinois, Inc. v. Northbrook 500 Ltd. Partnership*, 445 N.E.2d 1313, 1321 (Ill. App. Ct. 1983), or where damages were based, in part, on profit margins. *See Empire Gas Corp. v. American Bakeries Co.*, 840 F.2d 1333, 1342 (7th Cir. 1988).

Both parties are essentially correct in their arguments: the damages amount are at once easily determinable *and* subject to judgment and opinion. Plaintiffs' damages were based solely on the UCC because the contracts at issue did not contain specific language outlining the types of damage due in the event of breach. In a previous Order, this Court found that, pursuant to the UCC, Plaintiffs were entitled to direct damages: the reasonable cost to replace the soft washer and repair

the differential units to the extent that they were damaged by the soft washer. (Doc. 315). Plaintiffs were not, however, entitled to damages related to changes and repairs to the differential units that were unrelated to the soft washer issue. Thus, it would be up to a jury to determine which of Plaintiffs' repairs were reasonable and which were related to the soft washer problem. At trial, then, Defendants were allowed to present evidence that Plaintiffs' actions in instituting the recall of differentials was unreasonable and that reasonable damages should be limited to the cost of shipping the differentials to Defendants' facilities for repair. (Doc. 387). Thus, once the jury decided which course of action was reasonable (Plaintiffs' or Defendants') and which costs associated with the repair of the differentials were reasonable, calculating those damages would be an easy task. Indeed, each party presented, both to the Court and to the jury, their calculation of damages which were in turn based on their conclusion as to what actions were reasonable to cure the breach. In this matter, the jury found in favor of Plaintiffs, necessarily concluding that the recall of the differentials and the repairs conducted were reasonably related to the soft washer.

Thus, the determination of damages in this case was both subject to the judgment and opinion of a jury and capable of computation once that judgment was made. With this in mind, the Court finds that Plaintiff is not entitled to prejudgment interest. While Plaintiffs in this matter were not seeking lost profits, lost commissions, or other damages that would not be subject to easy computation, they were seeking damages that relied on the judgment and opinion of the jury. It

should be noted that this was not a simple contract dispute where one need only look to the contracts at issue to determine the cost of the washers and reimburse Plaintiffs for the price it paid for the defective washers. Damages were not easily ascertainable at the time of the breach. Rather, Plaintiffs were seeking reimbursement for funds necessarily spent on replacing the soft washers and repairing the differential units. A jury not only was required to determine whether the actual outlay of these amounts was reasonable, it was also required to exercise judgment as to whether these costs were associated with the soft washer issue. In this sense, the jury was required to determine what damages were proximately caused by the breach and not what damages were necessarily due and owing on the face of the contracts. Plaintiffs' damages were not subject to "mere calculation" but were wholly dependent on the findings of fact made by the jury. To be sure, once the jury made its determinations, that amount was easily calculable. However, prior to reaching such a calculation, damages were unliquidated. An award of prejudgment interest in this case is not appropriate.

## CONCLUSION

For the foregoing reasons, the Motion for Prejudgment Interest filed by Plaintiffs (Doc. 401) is DENIED.

Entered this <u>31st</u> day of March, 2011

                                                                            s/ Joe B. McDade
                                                                            JOE BILLY MCDADE
                                                                   Senior United States District Judge